IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JEMAEL NZIHOU, § | |
|     *Plaintiff*, § | |
| § | |
| V. § | CIVIL ACTION NO. 4:24-CV-751-P |
| § | |
| DEFENSE CONTRACTING § | |
| MANAGEMENT AGENCY, § | |
|     *Defendant*. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Defendant Defense Contracting Management Agency ("DCMA")'s Motion for Summary Judgment [doc. 45], filed on May 19, 2025. Having carefully considered the motion, response, reply, and applicable law, the Court **RECOMMENDS** that DCMA's Motion for Summary Judgment be **GRANTED**.

## I.     FACTUAL BACKGROUND

On August 8, 2024, *pro se* Plaintiff Jemael Nzihou ("Nzihou") filed a Complaint [doc. 1] in the above-styled and numbered cause. On August 13, 2024, the Court, after reviewing and finding the Complaint to be blank,[1] ordered Nzihou to file a form amended complaint [doc. 10]. That same day, Nzihou filed an Amended Complaint [doc. 12], which is the live pleading before this Court. The allegations in Nzihou's Amended Complaint are limited to the following:

1. The fact that Mr. McDuffie used comments regarding the Republic of Congo and degrading lead [*sic*] to me believing that the reason for my termination was not justified.

---

[1] The Court notes that, while the body of Nzihou's Complaint was blank, he did attach various documents that relate to a complaint Nzihou filed and had ultimately adjudicated by the U.S. Equal Employment Opportunity Commission ("EEOC"). (*See* Plaintiff's Complaint ("Pl.'s Compl.") [doc. 1] at 2-61.) However, Nzihou did not attach any of these documents to his Amended Complaint [doc. 12].

> 2. Also, the fact that Mr. McDuffie was not an Engineer by function as well as Mr. Sprawling reveal their misconduct and disrespectful remark during training/meeting. For instance, "You are stupid, and you better learn how to listen." This shows the company culture since it was not addressed. This led to create a hostile work environment where employee (Jemael Nzihou) could not be trained according to the policies put in place by DCMA (DOD 365 training). See FAR 42.302(a) and pages 1, 2, 3, 4 on DCMA Missel & Fire Control Dallas (Grand Prairie)[.]

(Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") [doc. 12] at 1.)

On April 14, 2025, DCMA filed a Motion for Leave to File an Initial Motion for Summary Judgment [doc. 39]. Subsequently, on May 19, 2025, the Court, noting that Nzihou wholly failed to respond to DCMA's motion and that DCMA was not seeking to take a "second bite of the apple," granted DCMA's Motion for Leave to File an Initial Motion for Summary Judgment. (Order Granting Defendant's Motion for Leave to File an Initial Motion for Summary Judgment [doc. 44] at 2.) That same day, DCMA filed its Motion for Summary Judgment [doc. 45].

In its Brief in Support of its Motion for Summary Judgment, DCMA argues, *inter alia*, that "Nzihou's [harassment and discrimination] claims are barred in their entirety because he failed to exhaust his administrative remedies." (Defendant's Brief in Support of its Summary Judgment Motion ("Def.'s Br.") at 1.) DCMA asserts that Nzihou's claims are barred because "he did not file suit within ninety days of receiving the Agency's final decision, despite being given written notice of that deadline." (*Id.*) Specifically, DCMA argues that it emailed, and Nzihou received, a copy of its final agency decision on April 18, 2024,[2] and that he "had ninety days from when he received the email, or until July 17, 2024, to file suit in federal court." (Def.'s Br. at 8.) Thus,

---

[2] In its brief, DCMA asserts that the certificate of service on the final agency action that was emailed to Nzihou bears the incorrect date of April 17, 2024. (Def.'s Br. at 3.) In support of its argument that the email was sent on April 18, 2024, DCMA points to the transmittal email itself and the declaration of Bryant L. Warren, the email sender. (*Id.*; *see* Defendant's Appendix in Support of its Motion for Summary-Judgment Brief ("Def.'s App.") [doc. 47] at 1, 73-74.)

because Nzihou filed his Complaint [doc. 1] twenty-two days late, on August 8, 2024, DCMA argues his claims are barred.

In response, Nzihou argues that he timely filed a complaint with DCMA's EEOC office[3] and that his EEOC case was "processed and resulted in a Final Agency Action issued on April 17, 2024." (Plaintiff's Response to Defendant's Motion for Summary Judgment ("Pl.'s Resp.") [doc. 50] at 1.) Because of this, Nzihou claims that, while not addressing whether he filed suit within ninety days after receiving the Agency's final decision, he "timely exhausted all required administrative remedies as outlined under 42 U.S.C. § 2000e-16(c)."[4] (*Id.*)

## II.   LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hildalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001). A fact is "material" if it would affect a case's outcome. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[5]

---

[3] While Nzihou alleges he filed a complaint with DCMA's EEOC office, it is clear that, based on the record before the Court, Nzihou is referring to the U.S. EEOC. Additionally, because DCMA does not argue or address whether Nzihou timely filed a complaint with the EEOC office, the Court assumes, for the purposes of this Order, that Nzihou timely filed a complaint with the U.S. EEOC.

[4] The Court notes that Nzihou raises additional arguments related to whether he has stated a valid claim for relief and whether DCMA is a proper party. (Pl.'s Resp. at 1.) However, as this Court limited DCMA's motion for summary judgment to the issue of timeliness, the Court shall not address Nzihou's additional arguments. (*See* Order Granting Defendant's Motion for Leave to File an Initial Motion for Summary Judgment [doc. 44] at 2.)

[5] To be entitled to summary judgment on a claim or defense on which the moving parties bear the burden of proof at trial, the movants "must establish 'beyond peradventure all of the essential elements of the claim or defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that the movants must demonstrate that there are no genuine and material fact disputes and that they are entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. v. Sowell*, 603 F. Supp. 2d 914, 923-24 (N.D. Tex. 2009) (quoting *Cont'l Cas. Co. v. St. Paul Fire Marine Ins. Co.*, No. 3:04-CV-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007)).

When a party moves for summary judgment on claims on which the opposing parties will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of

In assessing whether summary judgment is appropriate, the Court views evidence in the light most favorable to the nonmovant. *See Cunningham v. Circle 8 Crane Servs., LLC*, 64 F.4th 597, 600 (5th Cir. 2023). Although the Court is required to consider only the cited materials, it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3); *see generally Celotex Corp.*, 477 U.S. at 322 (noting summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law") (internal quotation marks omitted). Nevertheless, Federal Rule of Civil Procedure ("Rule") 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992). Parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citation omitted). Disposing of a case through summary judgment serves to reinforce the purpose of the Federal Rules of Civil Procedure, which is "to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot*, 780 F.2d at 1197.

### III.   DISCUSSION

Before filing a civil lawsuit, a plaintiff suing under Title VII must exhaust their administrative remedies. *Richardson v. Porter Hedges, LLC*, 22 F. Supp. 3d 661, 665 (S.D. Tex.

---

admissible evidence to support the nonmovants' claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovants must go beyond their pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovants' favor. *Anderson*, 477 U.S. at 248. The nonmovants' failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, LLC v. Scott*, 512 F. Supp. 2d 613, 623 (N.D. Tex. 2007). Summary judgment is mandatory if the nonmovants fail to meet this burden. *Little*, 37 F.3d at 1076.

2014) (citations omitted). "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996)). A plaintiff must then file his civil suit within ninety days of receipt of a right-to-sue letter from the EEOC or relevant agency. *See* 42 U.S.C. §§ 2000e-5(f)(1), 2000e-16(c) (discrimination); *see also Taylor*, 296 F.3d at 379 (applying ninety-day period to a claim under Title VII). This "90-day statutory period is strictly construed," *Stokes v. Dolgencorp*, 367 F. App'x 545, 547 (5th Cir. 2010) (per curiam) (citation omitted), and the Fifth Circuit has consistently enforced this deadline against pro se litigants. *See Ukpong v. Int'l Leadership of Tex.*, No. 21-11111, 2022 WL 6935140, at *3 (5th Cir. Oct. 12, 2022) (per curiam) (noting that "[t]he liberal construction given to *pro se* pleadings does not mean liberal deadlines") (internal quotation marks and citation omitted) (emphasis in original); *see also Richardson*, 22 F. Supp. 3d at 677 (finding pro se litigants must strictly adhere to ninety-day limitation period); *see also Davis v. Computershare Loan Servs.*, No. 4:23-CV-1542, 2023 WL 9005670, at *2 (S.D. Tex. Nov. 8, 2023) ("Although 'pro se complaints are held to less stringent standards,' courts nonetheless strictly construe the pre-filing requirements.") (citing *Taylor*, 913 F.3d at 378-79), *report and recommendation adopted*, 2023 WL 9007275 (S.D. Tex. Dec. 27, 2023).

In the context of Title VII, "[p]roper administrative exhaustion is not a technicality of procedural 'gotcha,' but rather an integral due process protection that affords defendants fair notice of potential claims." *Searcy v. Keller Indep. Sch. Dist.*, No. 4:23-cv-00493-O-BP, 2023 WL 4826211, at *2 (N.D. Tex. July 24, 2023) (quoting *McClain v. Lufkin Indus.*, 519 F.3d 264, 272 (5th Cir. 2008)), *report and recommendation adopted*, 2023 WL 4826801 (N.D. Tex. July 27, 2023), *aff'd*, 2024 WL 658969 (5th Cir. 2024) (per curiam). As such, "the Fifth Circuit has

affirmed dismissals of cases in which a plaintiff missed the ninety-day period by just one or two days." *Davis*, 2023 WL 9005670 (collecting cases); *Smith v. Tex. Children's Hosp.*, No. 4:22-cv-04250, 2024 WL 3489207, at *3 (S.D. Tex. July 19, 2024) (finding Plaintiff's Title VII claims were time-barred because she filed ninety-one days after receiving her Notice of Right to Sue letter), *report and recommendation adopted*, 2024 WL 3744387 (S.D. Tex. 2024), *aff'd*, 2025 WL 1325303 (5th Cir. May 7, 2025); *see also Boyd v. AT&T Mobility Servs. LLC*, No. 3:23-CV-2882-D, 2024 WL 3952586, at *2 (N.D. Tex. Aug. 27, 2024) (granting summary judgment because Plaintiff's claims, filed ninety-one days after receiving notice, were time-barred); *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986).

Generally, the ninety-day period begins to run "on the date that the EEOC right-to-sue letter is delivered . . . to the claimant." *Ringgold*, 796 F.2d at 770; *see Crabtree v. Cyberonics, Inc.*, No. H-05-4221, 2006 WL 1581971, at *2 (S.D. Tex. June 7, 2006) ("The 90-day period begins to run when the notice is *received*.") (emphasis in original). However, when the date upon which the right-to-sue letter is in dispute or unknown "the Fifth Circuit presumes that the letter was received on or prior to the seventh day after the letter was mailed." *January v. Tex. Dep't of Crim. Justice*, 760 F. App'x 296, 299-300 (5th Cir. 2019) (per curiam); *see Stokes*, 367 F. App'x at 547-48 (where a Plaintiff fails to specify a specific date she received the letter, courts "may presume that she received it between three and seven days after it was mailed"). Additionally, the letter need not be physically mailed to a plaintiff to trigger the ninety-day period. *See Straughn v. Tex. Powertrain Assembly, LLC*, No. 5:23-CV-708-DAE, 2014 WL 5426489, at *6 (W.D. Tex. Oct. 22, 2014) (noting that "courts within the Fifth Circuit have found that any form of notice is sufficient to trigger the ninety days"); *see also Young v. Martin Marietta Materials Inc.*, No. 6:22-CV-00272-JCB, 2022 WL 18109693, at *4-5 (E.D. Tex. Nov. 8, 2022) (finding an email sufficient to trigger

ninety-day limitation period), *report and recommendation adopted*, 2023 WL 36069 (E.D. Tex. Jan. 4, 2023).

Here, it is undisputed that DCMA sent, and Nzihou received, an email containing the final agency decision on April 18, 2025. (*See* Def.'s Br. at 3, 8; Def.'s App. at 1, 13-15, 73-74.) This email sufficiently apprised Nzihou of his appeal rights and set forth the ninety-day period to file a civil suit. Nzihou fails to specify the date he actually received the email; nonetheless, he is presumed to have received it within seven days after it was sent. *January*, 760 F. App'x at 299-300. The Court finds that—applying the seven-day presumption—Nzihou received notice of his right to sue on April 25, 2024,[6] which is when the ninety-day period began to run. Thus, Nzihou had until July 24, 2024 to file a civil suit. Nzihou filed his Complaint on August 8, 2024—fifteen days after the ninety-day period had expired—and, subsequently, filed his Amended Complaint, which is the live pleading before the Court, on August 13, 2024—twenty days after the ninety-day period had expired.[7] As this limitation period is strictly construed, it is clear that Nzihou's claims are at least fifteen days late, and, therefore, untimely.[8] Consequently, the Court **FINDS**,

---

[6] In its brief, Defendant argues that, under the mailbox rule, Nzihou is presumed to have received notice of the email no later than April 23, 2024. (Def.'s Br. at 9.) However, as the Fifth Circuit utilizes a different presumption for notice of right to sue on Title VII claims, the Court does not address this argument and instead finds that Nzihou is presumed to have received notice by April 25, 2024.

[7] "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010); *see* Fed. R. Civ. P. 15(c). Here, because Nzihou's Complaint was itself untimely and does not alter this Court's analysis, the Court shall not address whether Nzihou's Amended Complaint relates back to his original Complaint.

[8] While not addressed by either party, the ninety-day limitations period may be subject to equitable tolling. *See Straughn*, 2014 WL 5426489, at *6 (quoting *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010)) ("Because the Fifth Circuit treats the ninety-day period akin to a statute of limitations, 'the ninety-day filing requirement is subject to equitable tolling.'"). The Fifth Circuit has "identified three potential bases for equitable tolling of the 90-day limitations period: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Stokes*, 367 F. App'x at 548 (citation omitted). However, the plaintiff "bears the burden of demonstrating the basis for tolling limitations period." *Id.* (citing *Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002)). As Nzihou fails to allege any facts or grounds to warrant equitable tolling, it is thus inapplicable.

**CONCLUDES**, and **RECOMMENDS** that DCMA is entitled to summary judgment on Nzihou's Title VII discrimination and retaliation claims because of Nzihou's failure to exhaust administrative remedies.

## IV.     CONCLUSION

For the reasons set out above, the Court **RECOMMENDS** that DCMA's Motion for Summary Judgment [doc. 45] be **GRANTED**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **August 12, 2025,** to serve and file written objections to the United States Magistrate Judge's proposed

findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusion, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 22, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE